UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                              )
                                    )        Chapter 7
DUANE MIGLIA,                       )
KELLEY MIGLIA,                      )        Bankruptcy No. 05-06850
                                    )
     Debtors.                       )

**ORDER RE: OBJECTION TO CLAIM**

This matter came before the undersigned on April 19, 2006 on Trustee's Objection to Claim. Chapter 7 Trustee Sheryl Schnittjer appeared with attorney Eric Lam. Curtis McCormick appeared for Claimant Michael Mahaffey. Chad Frese appeared for Debtors Duane and Kelley Miglia. After the presentation of evidence and argument, the Court took the matter under advisement. The time for filing briefs has now passed, and this matter is ready for resolution. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

**STATEMENT OF THE CASE**

Attorney Michael Mahaffey filed a secured claim against the estate. Trustee objects to Mr. Mahaffey's claim asserting that the estate cannot pay attorney's fees and that Mr. Mahaffey failed to perfect his lien. Mahaffey filed an objection to Trustee's objection, claiming his legal work benefitted the estate, was performed prepetition, and his fees are not actually property of the estate.

**FINDINGS OF FACT**

At the hearing, both parties stipulated to the following facts:

1. The court can take judicial notice of all schedules in Debtors' petition;

2. Paragraphs 3(a) through 3(f) of Mr. Mahaffey's objections are correct;

3. The settlement check was issued by the insurance carrier and received by Mahaffey postpetition.

4. There are no written lien documents involving Debtors and Mr. Mahaffey.

Paragraphs 3(a) through 3(f) of Mr. Mahaffey's objections are summarized as follows: Mr. Mahaffey performed legal services for Debtors representing them in a legal malpractice action. He performed all services under the fee contract prior to Debtors' petition filing. Mr. Mahaffey obtained a settlement on behalf of Debtors prepetition. The only remaining activity postpetition was the funding of the settlement by the insurance carrier. Mr. Mahaffey's services in obtaining a settlement were beneficial to the estate. The total settlement amount was $15,000, of which Mahaffey seeks a contingency fee of $5,000.

Trustee has no objection to Mr. Mahaffey's services or to his fee contract with Debtors. The insurance carrier sent the settlement proceeds to Mr. Mahaffey some months after Debtors filed their Chapter 7 petition. When Trustee demanded turnover of the proceeds, Mr. Mahaffey cooperated and promptly turned over the entire $15,000 to Trustee. Mr. Mahaffey filed a claim for $5,000, asserting it is secured by the proceeds of the settlement.

**ATTORNEY'S FEES**

Section 330(a)(1) of the Bankruptcy Code governs "fees for services rendered by attorneys <u>in connection with</u> bankruptcy proceedings." <u>Lamie v. United States Trustee</u>, 540 U.S. 526, 529 (2004) (emphasis added). Subject to court approval, the trustee is authorized to "employ one or more attorneys . . . to represent or assist the trustee in carrying out trustee's duties." 11 U.S.C. § 327(a). Section 330(a)(1) "does not authorize payment of attorney's fees unless the attorney has been appointed under § 327 of the Code." <u>Lamie</u>, 540 U.S. at 529. Such fees are then payable as administrative expenses under 11 U.S.C. § 503(b)(2). If Mr. Mahaffey's services are not "in connection with" the bankruptcy case, the provisions of Section 330(a)(1) do not apply.

In a factually similar case involving legal services provided to debtors for a non-bankruptcy-related matter, the attorney claimed his fees represented administrative expenses chargeable against the estate. <u>In re Pierce</u>, 53 B.R. 825, 827 (Bankr. D. Minn. 1985). The attorney's fees originated in services that were rendered, with one minor exception, prepetition and were unrelated to the bankruptcy case. <u>Id.</u> The court found that these services were rendered on behalf of the debtors, not on behalf of the estate. <u>Id.</u> "The only prepetition fees chargeable against the estate are for those services rendered in connection with, or in contemplation of, the

2

bankruptcy case." Id.  Thus, attorney's fees for services rendered prepetition for an unrelated claim represent a "prepetition claim against the estate." Id.

Mr. Mahaffey completed his legal representation on behalf of the Debtors prepetition, with the exception of receipt and distribution of the settlement proceeds.  Most importantly, he represented Debtors in a prepetition lawsuit, unrelated to the bankruptcy case.  Since Mahaffey's services concern an action unrelated to the bankruptcy proceedings, he is entitled to a prepetition claim against the estate.  He is a creditor.  The Court must determine whether his claim is secured or unsecured.

## ATTORNEY'S LIEN

In bankruptcy cases, state law determines the extent of property interests. Butner v. United States, 440 U.S. 48, 55 (1979).  Since an attorney's lien is a property interest, the Court must apply state law to determine the validity and extent of Mr. Mahaffey's claim of a lien against the settlement proceeds. See In re Simms Construction Services Co., 311 B.R. 479, 484 (B.A.P. 6th Cir. 2004).

Under Iowa law, one method for an attorney to perfect a lien is by providing written notice to an adverse party, or attorney of such party, who holds client funds.  Iowa Code § 602.10116(3). This type of lien, providing an equitable right for an attorney to have fees for services related to a particular lawsuit to be "secured by the judgment or recovery in such suit," is a charging lien. Tri City Equip. v. Modern Real Estate Invs., 460 N.W.2d 464, 466 (Iowa 1990).  The Iowa Court of Appeals has held that the effective date for perfection of an attorney's charging lien is the date of the notice. Feaker v. Bulicek, 538 N.W.2d 662, 664 (Iowa App. 1995).  Under Iowa law, the effective date for perfection does not "relate back" to the commencement of the action. Id.

Pursuant to the record and stipulations in this case, Mahaffey did not provide any written notice to the defendant, defendant's attorney, or the insurance carrier in the underlying malpractice action.  Thus, he does not retain a valid charging lien under the foregoing Iowa Code provision.

Alternatively, an attorney's lien may attach to money in an attorney's hands which belongs to a client.  Iowa Code § 602.10116.  This type of lien, involving property already in the possession of the attorney, is a retaining lien. Tri City Equip., 460 N.W.2d at 466.  "Under the general rule and the Iowa

3

cases, a retaining lien is available only to secure the attorney's fees and charges which are due for services already rendered." Id.  In a case applying Iowa law where an attorney claimed a retaining lien for services rendered to the debtor prepetition, the Bankruptcy Appellate Panel held that the attorney was a secured creditor to the extent of his prepetition services. In re On-Line Servs., 324 B.R. 342, 347 (B.A.P. 8th Cir. 2005) (granting a secured interest in a retainer held by the attorney which had not been drawn down for payment prepetition). Under these principles, an attorney's possession of client funds is sufficient, in se, to perfect a lien to the extent of the value of the attorney's prepetition services.

Unlike the facts in Online Services, Mahaffey did not already have client funds in his possession at the time his clients filed for bankruptcy.  He did not gain possession of those funds until several months later.  Thus, his first opportunity to perfect his lien arose postpetition.  In order to assess Mahaffey's ability to perfect a lien by possession after the bankruptcy petition is filed, the Court must examine the effect, if any, of the automatic stay provision of § 362 of the Bankruptcy Code.

**AUTOMATIC STAY**

If Mr. Mahaffey possessed these funds prepetition, the resolution would be simpler.  However, Mr. Mahaffey did not possess these funds until after Debtors filed their bankruptcy petition.  "The automatic stay provision of the Bankruptcy Code, § 362(a), has been described as 'one of the fundamental debtor protections provided by the bankruptcy laws.'" Midlantic Nat. Bank v. New Jersey Dept. of Envtl. Prot., 474 U.S. 494, 503 (1986) (quoting S. Rep. No. 95-989, at 54 (1978)).  Except in a few statutorily specified circumstances, the Bankruptcy Code does not permit a creditor to perfect a security interest once the automatic stay is in force. 11 U.S.C. § 362(a)(4).  "[A] petition filed . . . operates as a stay, applicable to all entities, of . . . any act to create, perfect, or enforce any lien against property of the estate." Id. (emphasis added).  The automatic stay is such an iron-clad rule that not even the Internal Revenue Service can violate the automatic stay to perfect a tax lien. Young v. United States, 535 U.S. 43, 50 (2002).

The record in this case does not establish a statutorily specified exception to the general rule. See 11 U.S.C. § 362(b). The legislative history of § 362(a)(4) reveals that Congress intended that perfection by possession not be permitted once the

4

automatic stay is imposed. <u>In re Serbus</u>, 53 B.R. 187, 189 (Bankr. D. Minn. 1985). Section 362(a)(4) "'stays lien creation against property of the estate. Thus, taking possession to perfect a lien . . . is prohibited.'" <u>Id.</u> (quoting H.R. Rep. No. 95-595, at 341 (1977)).

Furthermore, these facts do not fit within the judicially developed "ministerial act" exception to the automatic stay. Many, if not all, circuits have recognized a "ministerial act" exception to the requirements of the automatic stay. <u>In re Pettit</u>, 217 F.3d 1072, 1080 (9th Cir. 2000). A ministerial act is "[a]n act performed without the independent exercise of discretion or judgment." <u>Black's Law Dictionary</u> 26 (8th ed. 2004). A ministerial act is "one that is essentially clerical in nature." <u>In re Soares</u>, 107 F.3d 969, 974 (1st Cir. 1997). The definition includes such acts as typing a petition, but does not include "substantive advice and counsel." <u>In re ICLNDS Notes Acquisition</u>, 259 B.R. 289, 295 (Bankr. N.D. Ohio 2001) (distinguishing ministerial acts which could be performed by non-lawyers from activities which would constitute practice of law and would be non-ministerial). Ministerial acts also include "reporting the sale to the court, court confirmation and delivery of the deed." <u>In re Golden</u>, 190 B.R. 52, 58 (Bankr. W.D. Pa. 1995) (lifting the automatic stay to allow purchaser who held equitable title to property to gain legal title from debtor). In each of these cases, the substance of the act that would normally be barred by the automatic stay had already taken place. The remaining actions were minor details, clerical in nature, necessary only to complete the act.

Mr. Mahaffey's act to perfect his security interest was obtaining possession of his client's funds when he received the check. The legislative history of § 362(a)(4) suggests that Congress did not intend perfection by possession to be permitted after imposition of the automatic stay. Further, although Mr. Mahaffey's act of possession might be considered clerical in nature, his act of possession was certainly not trivial. This act of possession constituted the complete substance of his act of perfection. Thus, Mr. Mahaffey's receipt and possession of the client funds cannot fit within the narrow ministerial act exception to the automatic stay.

While his claim arose prepetition, Mr. Mahaffey did not perfect his claim before imposition of the automatic stay. After establishment of the automatic stay, Mr. Mahaffey was barred from any act that might perfect his lien and give him a secured claim. Thus, he could not perfect his attorney's lien through any means,

including by possession, once the automatic stay was in effect. Without perfection, Mr. Mahaffey's claim is unsecured.

## CONCLUSION

As Mr. Mahaffey's services were unrelated to the bankruptcy petition, they do not qualify as § 330 administrative expenses. Instead, he has a claim against the bankruptcy estate. Since he did not perfect his lien prior to imposition of the automatic stay, Mr. Mahaffey holds an unsecured claim. Thus, he is entitled to prorata distribution from the estate with other unsecured claims.

**WHEREFORE**, Trustee's Objection to Claim is DENIED.

**FURTHER**, Mahaffey's claim is unsecured in the amount of $5,000.

DATED AND ENTERED: June 29, 2006

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE